UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDRIS BARKZI,<br>Petitioner,<br>v.<br>WARDEN OF CALIFORNIA CITY DETENTION FACILITY, et. al.,<br>Respondents. | No. 1:26-CV-08454-DC-ICD<br><br>ORDER |

Petitioner, an immigration detainee proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), an application to proceed in forma pauperis (ECF No. 2), and a motion for appointment of counsel (ECF No. 3). Examination of the in forma pauperis application reveals that Petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1] In light of the complexity of the legal issues involved, the court has determined that the interests of justice require the appointment of counsel for Petitioner and Petitioner's motion for appointment of counsel will be granted.[2] See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Because Petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, Petitioner's counsel, once appointed, shall meet and confer with

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all the rules to other types of habeas corpus petitions including § 2241 petitions.

[2] The Court notes that Petitioner's prior case, Barkzi v. Warden of the California City Detention Facility, No. 1:26-cv-01057, was dismissed without prejudice after appointment of CJA Panel Attorney Daniel L. Harralson.

respondent's counsel regarding a briefing schedule for this case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis, ECF No. 2, is GRANTED and Petitioner is authorized to proceed in forma pauperis without prepayment of the filing fee in this action.

2. Petitioner's motion to appoint counsel, ECF No. 3, is GRANTED and The Federal Defender is appointed to represent Petitioner.

3. The Clerk of the Court shall serve a copy of this order, along with a copy of the § 2241 petition, on the Federal Defender, Attention: Habeas Appointment (CAE_Appointments_Habeas@fd.org).

4. Within seven (s) days of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to the undersigned's courtroom deputy Jodi Palmer at jpalmer@caed.uscourts.gov, and counsel will be added as counsel for Petitioner. If counsel is not a member of the Eastern District of California Criminal Justice Act Panel, within seven days of this Order the Federal Defender shall file a motion to appoint counsel as CJA counsel *pro hac vice*.

5. Additionally, the Clerk of the Court shall serve a copy of this order together with a copy of Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney.

6. New counsel for Petitioner shall meet and confer with opposing counsel on a briefing schedule and jointly file that schedule with the court within fourteen (14) days of this order.

7. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, Respondent shall not transfer Petitioner outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's

jurisdiction or maintain the status quo by injunction pending review of an agency's action").

Dated: October 16, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE